**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4337

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIC ANTHONY WIMBUSH, a/k/a E from DC,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-02-37)

Submitted: September 20, 2006      Decided: October 27, 2006

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Matthew Theodore Martens, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Eric Anthony Wimbush of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). Wimbush was sentenced to 360 months in prison. He now appeals his conviction and sentence. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three claims but stating that there are no meritorious grounds for appeal. Wimbush has also filed pro se supplemental briefs. We affirm.

Wimbush first claims that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. We review de novo the denial of a Rule 29 motion. United States v. Uzenski, 434 F.3d 690, 700 (4th Cir. 2006). Further:

> In assessing the sufficiency of evidence, we must determine whether the jury verdict is sustained by substantial evidence, taking the view most favorable to the Government. . . . This inquiry rests on whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . Credibility determinations fall within the sole province of the jury, to the extent that we assume the jury resolved all contradictions in the testimony in favor of the government.

Id. (internal citations and quotation marks omitted).

The essential elements of the charged conspiracy are: (1) the existence of an agreement between two or more persons to distribute fifty grams or more of cocaine base; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowingly and voluntarily joining the conspiracy. See United States v. Burgos,

94 F.3d 849, 857 (4th Cir. 1996) (en banc). Because "the focus of a conspiracy charge is the agreement to violate the law, not whether the conspirators have worked out the details of their confederated criminal undertakings," the government need not prove that a defendant knew all the details of the conspiracy. United States v. Mills, 995 F.2d 480, 484 (4th Cir. 1993); see also Burgos, 94 F.3d at 858. Moreover, "[k]nowledge and participation in the conspiracy may be proved by circumstantial evidence." United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir. 1987).

The evidence presented at trial established that John Romero, a large-scale distributor of cocaine base in the Ridgeview area of Hickory, North Carolina, distributed significant quantities of the drug to Wimbush and other mid-level dealers, including Kevin Linder and Darren Izard. Wimbush and these mid-level dealers, in turn, distributed quantities of cocaine to lower-level dealers. Wimbush and others at his level did not consider each other to be competitors; rather, they maintained a cordial relationship and routinely obtained supplies of cocaine base from one another when Romero and other distributors were unable to provide the needed quantities. For instance, Damien Liles, another drug dealer, testified that he purchased approximately thirty ounces of cocaine base from Wimbush between 1998 and 2000, buying between one and two ounces at a time. Wimbush, in turn, purchased approximately twenty

ounces of cocaine from Liles during this time.  We conclude that the evidence was sufficient to sustain the conspiracy conviction.[1]

Next, Wimbush contends that the district court erred when it granted the Government's motion in limine to exclude evidence that one of his coconspirators had been acquitted of the conspiracy charge.  However, the acquittal of a non-testifying coconspirator is not generally admissible at trial.  United States v. Sanders, 95 F.3d 449, 454 (6th Cir. 1996).  The district court did not abuse its discretion in refusing evidence of the acquittal to be presented.

---

[1]In his pro se briefs, Wimbush contends that the Government failed to establish that the conspiracy dealt in cocaine base, as opposed to powder cocaine.  The overwhelming evidence was that the conspirators trafficked in cocaine base.

Finally, Wimbush challenges his 360-month sentence.[2] At sentencing, the district court concluded, based on a preponderance of the evidence, that Wimbush was responsible for 700 grams of cocaine base. The court accordingly assigned a base offense level of 36. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(2) (2004). Further, the court found that a preponderance of the evidence supported a two-level enhancement for possession of a firearm, see USSG § 2D1.1(b)(1), and a two-level increase for Wimbush's aggravated role in the offense, see USSG § 3B1.1(c). Wimbush's total offense level was 40, and his criminal history category was III, for a guideline range of 360 months to life. In sentencing Wimbush, the court took note of this advisory guideline range and

---

[2]Wimbush raises two other claims in his pro se brief. First, he asserts that defense counsel had a conflict of interest because he was under consideration for elevation to the bench. We note that nothing in the record shows that defense counsel in fact was being considered for a judicial appointment. At any rate, Wimbush does not demonstrate how this alleged conflict prejudiced his defense; indeed, he only speculates that the conflict impacted counsel's performance. This claim is essentially one of ineffective assistance of counsel. Because ineffectiveness does not conclusively appear on the face of the record, Wimbush should raise the claim, if at all, in a motion filed pursuant to 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Second, Wimbush contends that a gun and marijuana were seized in violation of the Fourth Amendment and should not have been admitted into evidence. We note that these items were seized from his bedroom at the time of his arrest, which occurred after issuance of the indictment in this case. Further, Wimbush informed officers when he was arrested that the gun and marijuana were in the room. There was no Fourth Amendment violation. Finally, even without this evidence, there was more than enough evidence presented at trial to convict Wimbush.

specifically mentioned several of the sentencing factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).

After United States v. Booker, 543 U.S. 220 (2005), a sentence must be "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted). "[A] sentence within the properly calculated Guidelines range . . . is presumptively reasonable." United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Here, the 360-month sentence falls within the applicable statutory range of ten years to life in prison. See 21 U.S.C. § 841(b)(1)(A) (2000). Moreover, the advisory guideline range was correctly calculated. We note that the district court's use of the preponderance of the evidence standard in calculating that range was appropriate and not violative of the Sixth Amendment. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); see also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005). Furthermore, the trial testimony supports the court's findings that Wimbush was responsible for at least 700 grams of cocaine base, possessed a firearm in furtherance of the conspiracy, and played an aggravating role in the offense, and the court did not clearly err in making these various findings. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>